UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAIYULI RODRIGUEZ, | Case No. 2:26-cv-01363-TMC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ICE FIELD OFFICER DIRECTOR, | |
| Respondent. | |

## I.    INTRODUCTION

Before the Court is self-represented petitioner Maiyuli Rodriguez's petition for writ of habeas corpus. Dkt. 5. Her form petition seeks either immediate release from immigration detention or a bond hearing. Dkt. 5 at 2. For the following reasons, Rodriguez's petition is DENIED.

## II.    BACKGROUND

Rodriguez, a citizen of Cuba, entered the United States as a lawful permanent resident ("LPR") around August 28, 1996. Dkt. 10 ¶ 3.

On August 14, 2019, Rodriguez was convicted of Possession of Controlled Substance within the state of Idaho. *Id.* ¶ 4. Around two years later, Rodriguez was arrested by Immigration

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

and Customs Enforcement ("ICE"). *Id.* ¶ 5. She was placed in removal proceedings and released on an Order of Recognizance ("OREC"). *Id.*

Several years later, Rodriguez was arrested on a probation violation in Idaho. *Id.* ¶ 6. Idaho State authorities informed the Department of Homeland Security ("DHS") that Rodriguez was in their custody within Ada County Jail. *Id.*; Dkt. 11-4 at 3. She was released from the Jail to ICE custody on March 10, 2026. *Id.* ICE revoked Rodriguez's OREC and transported her to the Northwest ICE Processing Center ("NWIPC"). Dkt. 10 ¶ 6.

On April 7, an IJ ordered Rodriguez removable to Cuba. *Id.* ¶ 7. On DHS' request, the IJ reopened proceedings on May 12 to "address [Rodriguez's] potential serious mental-health disorder and competency." *Id.* ¶ 8; Dkt. 11-8 at 2.

The operative petition was filed on May 4. Dkt. 5. Respondents filed their response on May 20. Dkt. 9. Rodriguez filed her reply on June 8. Dkt. 12.

### III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### IV.    DISCUSSION

For the following reasons, the Court concludes that Rodriguez has not established that she is in custody in violation of the Constitution or laws of the United States.

First, she has not exhausted her administrative remedies in the immigration court system. The Court acknowledges that exhaustion of administrative remedies is only a prudential requirement, not a jurisdictional one. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

But Rodriguez may seek a *Joseph* hearing in immigration court to contest her mandatory detention under 8 U.S.C. § 1226(c). *See Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999). This would allow further development of the record, and relaxing the exhaustion requirement in this circumstance could encourage the bypass of the administrative scheme. *See Hernandez*, 872 F.3d at 988.

Second, Rodriguez has not established that her mandatory detention under 8 U.S.C. § 1226(c) has become unconstitutionally prolonged. Courts in this district consider whether one's detention under 8 U.S.C. § 1226(c) has become unconstitutionally prolonged under an eight-factor test from *Martinez v. Clark*, C18-1669-RAJ-MAT, 2019 WL 5968089, at *6-7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019). Under the *Martinez* test, a court considers the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him [or her] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Id.* at *9. "These factors are derived from the Supreme Court's decisions in *Demore, Zadvydas*, and pre-*Jennings* circuit court cases holding that as a matter of constitutional avoidance, § 1226(c) implicitly authorizes detention for only a reasonable amount of time." *Barraza v. ICE Field Off. Dir.*, No. C23-1271-BHS-MLP, 2023 WL 9600946, at *5 (W.D. Wash. Dec. 8, 2023), *report and recommendation adopted sub nom. Barraza v. United States Immigr. & Customs Enf't Field Off. Dir.*, No. C23-1271 BHS, 2024 WL 518945 (W.D. Wash. Feb. 9, 2024).

"[T]he length of detention is the most important factor." *Id.* Rodriguez's current detention is about two months, which is shorter than the presumptive six-month threshold under *Zadvydas*

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

or the length of detention from cases within this district that have granted relief under *Martinez*. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *Martinez*, 2019 WL 5968089, at *9 (13 months); *Juarez v. Wolf*, No. C20-1660-RJB-MLP, 2021 WL 2323436 (W.D. Wash. May 5, 2021) (14 months); and *Barrie v. Scott*, No. 2:26-CV-00880-TMC, 2026 WL 1213605, at *5 (W.D. Wash. May 4, 2026) (55 months). Rodriguez has not provided evidence or argument establishing that her detention is unconstitutionally prolonged under the *Martinez* factors.

## V.    CONCLUSION

For the reasons explained above, Rodriguez's petition for writ of habeas corpus is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of June, 2026

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4